# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

CASE NO.:

SONIA RUSSELL,

    Plaintiff,

v.

DRMP, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SONIA RUSSELL ("Ms. Russell" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), seeking recovery from DRMP, INC. ("DRMP" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## JURISDICTION

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

## PARTIES AND VENUE

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Palm Beach County, Florida.

3. Plaintiff worked for Defendant in Boca Raton, Palm Beach County, Florida, and therefore the proper venue for this case is the West Palm Beach Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) had a daughter who suffered from serious health conditions as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant, most recently as an Office Manager in Boca Raton, Florida, from March 19, 2019, until her termination on October 14, 2021.

8. On June 21, 2021, Ms. Russell disclosed to DRMP Human Resources Vice President Tracie Samillano that Ms. Russell's daughter was suffering serious health conditions, specifically major depression, suicidal ideations, and drug addiction, and had recently been admitted to a psychiatric hospital to treat and address same.

9. On June 25, 2021, Ms. Russell applied and was approved for intermittent FMLA leave in order to treat and address her daughter's serious health conditions.

10. Almost immediately, DRMP began retaliating against Ms. Russell for availing herself of intermittent FMLA leave, and interfering with her exercise of same.

11. On June 30, 2021, DRMP Survey Manager Matt Floyd filed a false "report" with Human Resources in DRMP's Orlando headquarters wrongly accusing Ms. Russell of having taken a 2-hour lunch that day.

12. Ms. Russell had not theretofore been subjected to such pettifogging and spurious harassment or clock-watching from DRMP.

13. By July 7, 2021, Ms. Russell had conclusively proved to DRMP, including to her DRMP Supervisor, Adam Maze, that Mr. Floyd's "report" had been entirely false.

14. On or about that same day, July 7, 2021, Ms. Russell noticed that her job duties were being advertised as "open" on DRMP's job listings for DRMP's Boca Raton, Florida, office.

15. Ms. Russell notified Mr. Maze of this.

16. Mr. Maze stated with vexation that Mr. Floyd had obviously overstepped his authority via this most recent blatant interference with and retaliation against Ms. Russell.

17. Mr. Maze stated that he, Mr. Maze, is the Boca Raton office leader, and the only one who makes such decisions.

18. On October 12, 2021, Ms. Russell availed herself of FMLA leave in order to treat and address her daughter's serious health conditions.

19. The very next day, October 13, 2021, Mr. Floyd ranted at Ms. Russell, stating "you are a dumb idiot" and "I am going to see that you will not be around here much longer."

20. Stunned, shocked, and terrified, Ms. Russell left Mr. Floyd's office and informed Mr. Maze about DRMP's most recent FMLA interference and retaliation.

21. In response, Mr. Maze stated, "Matt is too busy to talk about this today."

22. Mr. Maze further stated that Mr. Floyd did not want to know any details relating to Ms. Russell's daughter's serious health conditions, or Ms. Russell's eligibility for, or utilization of, FMLA leave.

23. According to Mr. Maze, Mr. Floyd didn't "want to know anything about it or who was involved."

24. The very next day, October 14, 2021, Ms. Samillano and Mr. Maze called Ms. Russell into the conference room.

25. At that time, Ms. Samillano and Mr. Maze informed Ms. Russell that DRMP had decided to terminate her employment, effective immediately.

26. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Russell notifying DRMP of her daughter's serious health conditions, and in retaliation for Ms. Russell requiring unpaid and requesting leave pursuant to the FMLA in order to treat and address same.

27. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

28. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

29. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

30. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

31. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

32. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

33. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

34. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34, above.

36. At all times relevant hereto, Plaintiff was protected by the FMLA.

37. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

38. At all times relevant hereto, Defendant interfered with Plaintiff by subjecting her to spurious "discipline" for using FMLA leave, by advertising her job as open while she was still employed based on her use of FMLA leave, by abusing and insulting Plaintiff and threatening her because she required, requested, and utilized FMLA leave, and by otherwise refusing to allow Plaintiff to freely exercise her right to utilize FMLA leave to which she was entitled.

39. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34, above.

42. At all times relevant hereto, Plaintiff was protected by the FMLA.

43. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

44. At all times relevant hereto, Defendant retaliated against Plaintiff by subjecting her to spurious discipline, by insulting her and threatening her, and by terminating her employment for utilizing or attempting to utilize what should have been FMLA-protected leave, and for her request for FMLA leave.

45. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

46. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

47. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 20th day of September, 2022.

        Respectfully Submitted,

        */s/ Noah E. Storch*
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR. 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile:   (954) 337-2771
        E-mail: **noah@floridaovertimelawyer.com**

        *Attorneys for Plaintiff*